**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

| | |
|---|---|
| **A.P.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:19-cv-00109-TCB |
| ) | |
| **FAYETTE COUNTY BOARD OF** ) | |
| **EDUCATION;** *ET AL.*, ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**

Plaintiff, A.P., by and through undersigned counsel, respectfully requests that this Court issue an Order allowing A.P. to continue under pseudonym in the litigation initiated by the filing of the Complaint, and as support therefore, offers the following:

**I.     STATEMENT OF FACTS**

When A.P. was 16 years old and in her second year at Fayette County High School ("FCHS"), she was sexually and physically assaulted by another student (J.B.) who reportedly had a history of sexually inappropriate behavior. The next day, in an attempt to find emotional support and guidance, A.P. told a teacher and two

1

counselors about the assault. One of the counselors elevated the report to senior administrators, who not only failed to adequately investigate the assault, but also retaliated against her by expelling her and denying her accommodations necessary for her to learn in a safe and respectful educational environment. (Doc. 1, p. 2).

As a direct result of the school administrators' retaliation, A.P. was out of school for almost two years. Although she was eligible to reenroll at FCHS in August 2018, she did not feel safe returning to a school that punished her for reporting a sexual assault. (Doc. 1, p. 2).

The Fayette County Board of Education ("Board"), Superintendent Joseph Barrow, Principal Dan Lane, and Assistant Principals Curtis Armour and Brandi Johnson, who received a report of an assault that created a sexually hostile environment, retaliated against A.P. by suspending, expelling and upholding the expulsion against her on appeal. By retaliating and acting with deliberate indifference to her complaint of sexual harassment and assault, the Board and its administrators subjected A.P. to a hostile educational environment and deprived her of equal access to educational opportunities in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* The Board and its employees also

violated A.P.'s rights under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, as well as tort law. (Doc. 1, p. 3).

Although A.P. is now an adult, the sexual assault occurred when she was a minor in the public-school system and the disclosure of her identity would reveal publicly embarrassingly intimate information of the "utmost intimacy."

## II.   ARGUMENT AND CITATION OF AUTHORITY

Although Rule 10(a) of the Federal Rules of Civil Procedure generally requires Plaintiffs to disclose their names when a lawsuit is commenced, this circuit has recognized that the normal practice of disclosing parties' identities can "yield to a policy of protecting privacy in a very private matter."  *Doe v. Stegall,* 653 F.2d 180, 185 (5th Cir. 1981) (quoting *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D.Mont. 1974).[1] The sexual assault of a 16-year-old girl is just such an inherently private matter, even after she reaches the age of majority.

Factors weighing in favor of allowing a party to proceed anonymously are:

　　1) A plaintiff seeking anonymity is suing to challenge governmental activity;

---

[1] *Bonner v. City of Pritchard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

> 2) Prosecution of the suit compels the plaintiff to disclose information "of the utmost intimacy;" and
>
> 3) Plaintiff was compelled to admit his/her intention to engage in illegal conduct, thereby risking criminal prosecution.

*Doe v. Stegall,* 653 F.2d at 185-6.  In *Stegall,* the plaintiffs were minors challenging a religious practice imposed on students by their government-run school.  The "youth" of the plaintiffs was also a "significant factor in the matrix of considerations arguing for anonymity."  *Id*.

This case most certainly involves both a challenge to governmental activity, and also compels the plaintiff to disclose information of the "utmost intimacy."  She was also indisputably a minor at the time she was sexually assaulted and retaliated against. All of these factors support her request to file this suit anonymously. Requiring a child victim of sexual assault to reveal her identity in a civil proceeding deters other victims (minor and adult) from enforcing their legal rights in similarly embarrassing and humiliating situations.

**A. A.P. has Challenged a Governmental Activity**

This case involves a school's decision (as a governmental entity), along with its employees, to retaliate against a minor girl who reported a sexual assault by another student in violation of various federal laws including Title IX, and claims

4

the Fourteenth Amendment's Equal Protection Clause pursuant to 42 U.S.C. § 1983. Such allegations certainly challenge the "activity" of a governmental entity – a public school.  See *S.W. v. Clayton Cty. Pub. Sch.*, No. 1:16-cv-0126-TCB, 2016 U.S. Dist. LEXIS 188397, at *3 (N.D. Ga. May 9, 2016) (holding that plaintiffs suing school and certain school officials in their individual and official capacities, for sexual harassment by teacher, challenges public activities and weighs in favor of allowing them to proceed anonymously).

### B. The Sexual Assault of A.P. as a Minor Student at School is Private and Information "of the Utmost Intimacy."

The details surrounding the sexual assault of A.P. by a male student at school at the age of 16 certainly qualify as information "of the utmost intimacy" and is sufficiently sensitive and personal to outweigh any need for openness in judicial proceedings.  The Eleventh Circuit has agreed that sexually exploited minors should not be required to reveal their identities if the revelation requires disclosing information of "the utmost intimacy" in light of their age. *Plaintiff B v. Francis,* 631 F.3d 1310, 1317 (11th Cir. 2011) (overturning district court's ruling and holding that minors filmed doing sexual acts could proceed anonymously as adults because revealing sexual acts qualifies as information of the "utmost intimacy"); *see also*

*Doe v. St. John's Episcopal Parish Day School, Inc.*, 997 F. Supp. 2d 1279, 1290 (M. D. Fla. 2014) (holding that victim of sexual abuse by priests as a child suing as an adult could proceed anonymously because details of sexual abuse are "of a sensitive and highly personal nature").

This court has generally allowed plaintiffs such as A.P. to proceed anonymously due to the necessary disclosure of sensitive and highly personal information surrounding sexual assault as a minor. *See S.W. v. Clayton Cty. Pub. Sch.*, No. 1:16-cv-0126-TCB, 2016 U.S. Dist. LEXIS 188397, at *4 (N.D. Ga. May 9, 2016) (granting student's motion to pseudonymously allege harassment claim against her school because "[c]ourts have routinely afforded particular care to the privacy interest of minors").

### C. Allowing the Plaintiff to Proceed Anonymously Will Not Prejudice the Defendants.

The Defendants know the identity of the Plaintiff and will be able to conduct full and complete discovery without needing to publicly disclose her identity through the court proceedings.

## III.  CONCLUSION

A.P.'s allegations involve accusations of wrongdoing by a government entity as well as sexual assault of a minor that will result in disclosure of matter of "utmost intimacy." There is no prejudice to Defendant by allowing Plaintiff to proceed anonymously, and Plaintiff therefore requests that this Court enter an Order permitting her to proceed by pseudonym, barring the parties from filing information containing A.P.'s unredacted names or personally identifiable information, and granting to A.P. any and all other and further relief necessary to allow her to proceed under pseudonym. A proposed order is attached hereto as **EXHIBIT A**.

Submitted this the 7th day of October, 2019

/s/ Alexandra "Sachi" Cole

Darren W. Penn
Georgia Bar No. 571322
Alexandra "Sachi" Cole
Georgia Bar No. 696892
PENN LAW, LLC
4200 Northside Parkway, NW
Building One Suite 100
Atlanta, GA 30327
Telephone/Fascimile: (404) 961-7655
Email: darren@pennlawgroup.com
sachi@pennlawgroup.com

Eric J. Artrip (ASB-9673-I68E)
MASTANDO & ARTRIP, LLP
301 Washington Street NW, Suite 302
Huntsville, Alabama 35801
Telephone: (256) 532-222
Facsimile: (256) 536-2689
Email: artrip@mastandoartrip.com


Emily Martin
Neena Chaudhry
Adaku Onyeka-Crawford
Margaret Hazuka
NATIONAL WOMEN'S LAW CENTER
11 Dupont Circle, Suite 800
Washington, D.C. 20036
Telephone: (202) 588-5180
Facsimile: (202) 588-5185
Email: emartin@nwlc.org
nchaudhry@nwlc.org
aocrawford@nwlc.org
mhazuka@nwlc.org

## **CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 5.1C**

Pursuant to the Local Rules of the Northern District of Georgia, the above-signed counsel certifies that this pleading complies with all formatting requirements of the Local Rules and further certifies that this pleading is printed in Times New Roman, 14-point type.

## CERTIFICATE OF SERVICE

I hereby certify I electronically filed the ***PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM*** with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney of record:

Hieu M. Nguyen
HARBEN, HARTLEY & HAWKINS, LLP
340 Jesse Jewell Parkway
Suite 750
Gainesville, Georgia 30501
Email: hnguyen@hhhlawyers.com

*ATTORNEY FOR DEFENDANTS*

This 7th day of October, 2019.

/s/ Alexandra "Sachi" Cole
Darren W. Penn
Georgia Bar No. 571322
Alexandra "Sachi" Cole
Georgia Bar No. 696892
PENN LAW, LLC
4200 Northside Parkway, NW
Building One Suite 100
Atlanta, GA 30327
Telephone/Fascimile: (404) 961-7655

Eric J. Artrip (ASB-9673-I68E)
(*Pro Hac Vice*)

10

Mastando & Artrip, LLP
301 Washington Street NW, Suite 302
Huntsville, Alabama 35801
Telephone:  (256) 532-222
Facsimile:   (256) 536-2689
Email:          artrip@mastandoartrip.com

Emily Martin
Neena Chaudhry
Adaku Onyeka-Crawford
Margaret Hazuka
(*Pro Hac Vice* Pending)
National Women's Law Center
11 Dupont Circle, Suite 800
Washington, D.C. 20036
Telephone: (202) 588-5180
Facsimile:  (202) 588-5185
Email:         emartin@nwlc.org
                    nchaudhry@nwlc.org
                    aocrawford@nwlc.org
                    mhazuka@nwlc.org

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| A.P., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No.  3:19-cv-00109-TCB |
| ) | |
| FAYETTE COUNTY BOARD OF ) | |
| EDUCATION; *ET AL.*, ) | |
| ) | |
|     Defendants. ) | |

## ORDER

Upon consideration of Plaintiff's Motion to Proceed Under Pseudonym and Memorandum in Support Thereof, upon good cause shown, on this ___ day of _____ 2019, this Court hereby ORDERS that the Motion is GRANTED.

_____
Honorable Timothy C. Batten, Sr.
United States District Judge

Prepared by:
Alexandra "Sachi" Cole
Georgia Bar No. 696892
PENN LAW, LLC
4200 Northside Parkway, NW
Building One Suite 100
Atlanta, GA 30327
Telephone/Fascimile: (404) 961-7655
Email: darren@pennlawgroup.com
sachi@pennlawgroup.com

1