**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | |
|---|---|
| A.P., | ) |
| | ) |
| Plaintiff, | ) |
| | )   CIVIL ACTION FILE |
| v. | ) |
| | )   NO. 3:19-CV-00109-TCB |
| FAYETTE COUNTY BOARD OF | ) |
| EDUCATION; DR. JOSEPH BARROW, JR. | ) |
| in his official capacity; DR. DAN LANE, | ) |
| DR. CURTIS ARMOUR, JR. and DR. BRANDI | ) |
| JOHNSON, in their official and individual | ) |
| capacities | ) |
| | ) |
| Defendants. | ) |

## ANSWER TO COMPLAINT AND RESPONSIVE PLEADINGS
## ON BEHALF OF DEFENDANTS

Defendants Fayette County Board of Education[1], Dr. Joseph Barrow, Jr., Dr.

Dan Lane, Dr. Curtis Armour, Jr., and Dr. Brandi Johnson ("Defendants") respond

to Plaintiff's Complaint ("Complaint") as follows:

### FIRST DEFENSE

Plaintiff's Complaint against Defendants fails to state a claim upon which

relief can be granted and therefore, should be dismissed.

---

[1] The Fayette County Board of Education is not a proper party capable of being sued.  By responding to Plaintiff's Complaint, Defendants are not waiving the right to assert that the "Fayette County Board of Education" is not a proper party capable of being sued.  The proper party is the Fayette County School District and Defendants will refer throughout this Answer to Defendant "School District."

**SECOND DEFENSE**

Plaintiff was not deprived of any federal, constitutional or statutory right as a result of the application of any policy, practice or custom of the Fayette County School District.

**THIRD DEFENSE**

Defendants Dr. Dan Lane, Dr. Curtis Armour, Jr. and Dr. Brandi Johnson in their individual capacity did not deprive Plaintiff of any clearly established constitutional or federal statutory right.  All actions of Defendants Dr. Joseph Barrow, Jr., Dr. Dan Lane, Dr. Curtis Armour, Jr. and Dr. Brandi Johnson were done in good faith in the performance of their official duties and they are, therefore, entitled to the defense of qualified immunity.

**FOURTH DEFENSE**

As to any claims alleged by Plaintiff against Defendants under state law, they are entitled to the defenses of sovereign and official immunity.

**FIFTH DEFENSE**

The actions of these Defendants were not the proximate cause of any alleged injury or damages complained of in the Complaint, and by reason of such lack of proximate causation, Plaintiff is not entitled to recover any sum whatsoever from these Defendants.

### SIXTH DEFENSE

Any injury or damages suffered by Plaintiff were the result of an independent intervening cause and not the result of any alleged negligence or other actions or inactions of these Defendants.

### SEVENTH DEFENSE

Plaintiff may not assert a claim for punitive damages against the Fayette County School District or Defendants Dr. Joseph Barrow, Jr., Dr. Dan Lane, Dr. Curtis Armour, Jr. or Dr. Brandi Johnson in their official capacities.

### EIGHTH DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of collateral estoppel.

### NINTH DEFENSE

In responding to the separately numbered paragraphs of Plaintiff's Complaint, Defendants state:

**INTRODUCTION**

1.

Defendants admit that on August 23, 2017, A.P. was in her second year at Fayette County High School ("FCHS") but Defendants are without sufficient knowledge and information as to what A.P. thought.  Defendants deny the remaining allegations of paragraph 1 of Plaintiff's Complaint.

2.

Defendants deny the allegations of paragraph 2 of Plaintiff's Complaint.

3.

Defendants deny the allegations of paragraph 3 of Plaintiff's Complaint.

4.

Defendants deny the allegations of paragraph 4 of Plaintiff's Complaint.

**PARTIES**

5.

Defendants admit that A.P. was enrolled as a minor in FCHS at the beginning of the 2017-18 school year.  Defendants are without sufficient knowledge and information either to admit or deny the remaining allegations of paragraph 5 of Plaintiff's Complaint.

6.

Defendants admit that Joseph C. Barrow is the Superintendent of Fayette County School District, that he has served as Superintendent since 2013, that he is a final policymaker over certain policies in the School District, that he is sued in his official capacity, that he is subject to the venue and jurisdiction of this Court and that he may be served at the address listed.  Defendants deny the remaining allegations of paragraph 6 of Plaintiff's Complaint.

7.

Defendants admit that Dan Lane was principal of Fayette County High School during the 2017-18 school year, that he is sued in his individual and official capacity, that he is subject to the venue and jurisdiction of this Court and that he may be served at the address listed.  Defendants deny the remaining allegations of paragraph 7 of Plaintiff's Complaint.

8.

Defendants admit that Dr. Curtis Armour was an assistant principal at Fayette County High School during the 2017-18 school year, that part of his duties include investigating allegations of sexual harassment, that he is sued in his individual and official capacity, that venue is currently proper in this Court, that the Court has jurisdiction over Plaintiff's claims, and that he can be served at the address listed.  Defendants deny the remaining allegations of paragraph 8 of Plaintiff's Complaint.

9.

Defendants admit that Dr. Brandi Johnson was an assistant principal at Fayette County High School during the 2017-18 school year, that part of her duties include investigating allegations of sexual harassment, that she is sued in her individual and official capacity, that venue is currently proper in this Court, that the Court has jurisdiction over Plaintiff's claims, and that she can be served at the address listed.  Defendants deny the remaining allegations of paragraph 9 of Plaintiff's Complaint.

10.

Defendants admit that the Fayette County School District is a government entity engaged in providing education to the children in Fayette County, Georgia, that the Fayette County School District receives funding from both the State of Georgia and the United States government, that venue is currently proper in this Court, that the Court has jurisdiction over Plaintiff's claims, and that the Fayette County School District can be served at the address listed. Defendants deny the remaining allegations of paragraph 10 of Plaintiff's Complaint.

## CONDITIONS PRECEDENT

11.

Defendants admit the allegations of paragraph 11 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

12.

Defendants admit that the Court has jurisdiction over Plaintiff's claims. The remaining allegations of paragraph 12 of Plaintiff's Compliant contain a statement of Plaintiff's claims, to which a response is not required. To the extent a response is required, Defendants deny that Plaintiff has stated a claim against them and further deny that they have violated the laws cited in the paragraph.

13.

Defendants admit the allegations of paragraph 13 of Plaintiff's Complaint.

14.

Defendants admit the allegations of paragraph 14 of Plaintiff's Complaint.

15.

Defendants admit the allegations of paragraph 15 of Plaintiff's Complaint.

**FACTS**

16.

Defendants incorporate their responses to paragraphs 1 through 15 above in response to the allegations of paragraph 16 of Plaintiff's Complaint.

17.

Defendants admit the allegations of paragraph 17 of Plaintiff's Complaint.

18.

Defendants admit the allegations of paragraph 18 of Plaintiff's Complaint.

19.

Defendants admit that Defendant Dan Lane was the Principal at FCHS during the 2017-18 school year and was the highest-ranking school official present at FCHS but deny the remaining allegations of paragraph 19 of Plaintiff's Complaint.

20.

In response to the allegations of paragraph 20 of Plaintiff's Complaint, Defendants state that Defendant Lane had general responsibilities related to hiring, training and supervising teachers and administrators at FCHS and had general responsibilities related to supervising and disciplining students and that he acted under color of law at all relevant times.  Defendants deny the remaining allegations of paragraph 20 of Plaintiff's Complaint.

21.

Defendants admit the first sentence of paragraph 21 of Plaintiff's Complaint. In response to the remaining allegations of paragraph 21 of Plaintiff's Complaint, Defendants state that Defendants Armour and Johnson had general responsibilities related to supervising and disciplining students and that they acted under color of law at all relevant times.  Defendants deny the remaining allegations of paragraph 21 of Plaintiff's Complaint.

22.

Defendants admit that the School District and School were *in loco parentis* of Plaintiff A.P. and J. while A.P. and J. were attending FCHS but deny the remaining allegations of paragraph 22 of Plaintiff's Complaint.

23.

Defendants deny the allegations of paragraph 23 of Plaintiff's Complaint.

24.

Defendants deny the allegations of paragraph 24 of Plaintiff's Complaint.

25.

Defendants deny the allegations of paragraph 25 of Plaintiff's Complaint.

26.

Defendants admit that on August 23, 2017, A.P. was a 16-year old student at FCHS but deny the remaining allegations of paragraph 26 of Plaintiff's Complaint.

27.

Defendants admit that A.P. had stayed late after school, that J. texted A.P. to come meet him in the hallway, that when she went to see him, the two talked for some time and then began kissing and that J. propositioned A.P. for oral sex but deny the remaining allegations of paragraph 27 of Plaintiff's Complaint.

28.

Defendants deny the allegations of paragraph 28 of Plaintiff's Complaint.

29.

Defendants admit that A.P. performed oral sex and that both students left school but deny the remaining allegations of paragraph 29 of Plaintiff's Complaint.

30.

In response to the allegations of paragraph 30 of Plaintiff's Complaint, Defendants state that there were multiple texts exchanged between A.P. and J. the next day, some of which are described in this paragraph but deny that the paragraph described all the texts exchanged that day.

31.

Defendants are without sufficient knowledge and information either to admit or deny the allegations of paragraph 31 of Plaintiff's Complaint.

32.

Defendants admit that A.P., while on the "verge of tears," notified Ms. Mitchell that J. had "made her do things that she did not want to do," sent text messages and showed Ms. Mitchell the text messages. Defendants deny the remaining allegations of paragraph 32 of Plaintiff's Complaint.

33.

Defendants admit that A.P. met with Mr. Jassmon Parham, a male counsellor who had never met A.P. and Ms. Jen Travis, another counselor, and that at first A.P. was hesitant to tell the counselors what happened.  Defendants further state that Mr. Parham had not previously interviewed a child victim of sexual assault by himself.  Defendants are without sufficient knowledge and information either to admit or deny whom A.P. knew.  Defendants deny the remaining allegations of paragraph 33 of Plaintiff's Complaint.

34.

Defendants admit that A.P. wrote down the word "head" on a post-it note, indicating that she performed oral sex and that J. texted A.P. asking whether she "snitched" on him.  Defendants are without sufficient knowledge and information either to admit or deny as to when J. texted A.P. and deny the remaining allegations of paragraph 34 of Plaintiff's Complaint.

35.

Defendants admit that on the next day, on August 25, A.P. was called in to meet with Defendants Assistant Principals Curtis Armour and Brandi Johnson and that A.P. did not answer their questions.  Defendants are without sufficient knowledge and information either to admit or deny as to A.P.'s motives.

36.

Defendants admit that Armour and Johnson placed A.P. in the ISS room while they interviewed J. and reviewed video footage of the hallways near where the sexual encounter occurred.  Defendants further state that Defendants Armour and Johnson believe they looked at text messages on A.P.'s cellphone.  Defendants deny the remaining allegations of paragraph 36 of Plaintiff's Complaint.

37.

Defendants admit that after reviewing the video, Defendants Armour and Johnson called A.P. into the office again and told her they had talked to J. and reviewed the video of the incident.  Defendants further state that Defendants Armour and Johnson do not recall whether A.P. asked them whether the video showed when J. grabbed her neck so hard that she fell into a wall.  Defendants deny the remaining allegations of paragraph 37 of Plaintiff's Complaint.

38.

Defendants deny the allegations of paragraph 38 of Plaintiff's Complaint.

39.

Defendants deny the allegations of paragraph 39 of Plaintiff's Complaint.

40.

Defendants admit the allegations of paragraph 40 of Plaintiff's Complaint.

41.

Defendants admit that at the hearing before the disciplinary tribunal, J. did not testify, A.P. did, and she produced text message records but deny the remaining allegations of paragraph 41 of Plaintiff's Complaint.

42.

Defendants admit that Defendant Lane presented the school's position at the hearing and that in his closing statements, Principal Lane stated that A.P. chose to give J. a gift and that she became angry after the incident because he did not show her affection afterwards but deny the remaining allegations of paragraph 42 of Plaintiff's Complaint.

43.

Defendants admit that school counselor Ms. Travis testified at the hearing that she had interviewed more than 20 child victims of sexual abuse over 16 years, and that victims may react in unusual ways, such as giggling, as a coping mechanism, that her interaction with A.P. was limited and that she "definitely" thought A.P. needed help but deny the remaining allegations of paragraph 43 of Plaintiff's Complaint.

44.

Defendants admit that Mr. Parham testified that A.P. giggled when she initially reported the sexual encounter, that Defendant Armour testified at the hearing that he had no prior experience interviewing a victim of child sexual abuse and that A.P. was uncooperative but deny the remaining allegations of paragraph 44 of Plaintiff's Complaint.

45.

Defendants deny the allegations of paragraph 45 of Plaintiff's Complaint.

46.

Defendants admit that the tribunal found A.P. guilty of violating the school conduct code, and based on Defendant Principal Lane's recommendation, referred A.P. to an IEP committee with a recommendation to expel her from FCHS for the remainder of the 2017-18 school year, with the opportunity to attend Fayette County Alternative School but deny the remaining allegations of paragraph 46 of Plaintiff's Complaint.

47.

Defendants admit A.P. did not attend the alternative school but are without sufficient knowledge and information either to admit or deny as to what she was concerned with and deny the remaining allegations of paragraph 47 of Plaintiff's Complaint.

48.

Defendants admit the allegations of paragraph 48 of Plaintiff's Complaint.

49.

Defendants admit the allegations of paragraph 49 of Plaintiff's Complaint.

50.

Defendants admit the allegations of paragraph 50 of Plaintiff's Complaint.

51.

Defendants deny the allegations of paragraph 51 of Plaintiff's Complaint.

52.

Defendants deny that they failed to follow the requirements in the US DOE guidance documents.  The remaining allegations of paragraph 52 of Plaintiff's Complaint contain statements purporting to describe guidance documents from the US DOE, which speak for themselves and to which a response is not required.  To the extent a response is required, Defendants deny that they failed to follow those guidance documents.

53.

Defendants deny that they or the staff at the School failed to follow the requirements in the US DOE guidance documents.  The remaining allegations of paragraph 53 of Plaintiff's Complaint contain statements purporting to describe guidance documents from the US DOE, which speak for themselves and to which a response is not required.  To the extent a response is required, Defendants deny that they failed to follow those guidance documents.

54.

Defendants deny the allegations of paragraph 54 of Plaintiff's Complaint.

55.

The allegation of paragraph 55 of Plaintiff's Complaint is a statement of

Plaintiff's reservation to amend the allegations or add Defendants, to which a

response is not required.  To the extent a response is required, Defendants state the

right to amend is subject to applicable rules and the Court's Scheduling Order.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
Violation of Title IX, 20 U.S.C. § 1681(a) – Sexual Harassment
(Defendant Fayette County Board of Education)

56.

Defendants incorporate their responses to paragraphs 1 through 55 above in

response to the allegations of paragraph 56 of Plaintiff's Complaint.

57.

The allegations of paragraph 57 of Plaintiff's Complaint contain a statement

of law, to which a response is not required.  To the extent a response is required,

Defendants deny that they violated Title IX.

58.

Defendants admit the allegations of paragraph 58 of Plaintiff's Complaint.

59.

In response to the allegations of paragraph 59 of Plaintiff's Complaint, Defendants state that these Defendants have authority to address sexual harassment in schools but deny the remaining allegations of paragraph 59 of Plaintiff's Complaint.

60.

Defendants deny the allegations of paragraph 60 of Plaintiff's Complaint.

61.

Defendants deny the allegations of paragraph 61 of Plaintiff's Complaint.

62.

Defendants deny the allegations of paragraph 62 of Plaintiff's Complaint.

63.

Defendants deny the allegations of paragraph 63 of Plaintiff's Complaint.

64.

Defendants deny the allegations of paragraph 64 of Plaintiff's Complaint.

## SECOND CLAIM FOR RELIEF

Violation of Title IX, 20 U.S.C. § 1681(a) – Retaliation
(Defendant Fayette County Board of Education)

65.

Defendants incorporate their responses to paragraphs 1 through 64 above in response to the allegations of paragraph 65 of Plaintiff's Complaint.

66.

Defendants deny the allegations of paragraph 66 of Plaintiff's Complaint.

67.

Defendants deny the allegations of paragraph 67 of Plaintiff's Complaint.

68.

Defendants deny the allegations of paragraph 68 of Plaintiff's Complaint.

69.

Defendants deny the allegations of paragraph 69 of Plaintiff's Complaint.

70.

Defendants deny the allegations of paragraph 70 of Plaintiff's Complaint.

## THIRD CLAIM FOR RELIEF

Violation of the Right to Equal Protection, Brought Under 42 U.S.C. § 1983
Hostile Environment
(Defendants Fayette County Board of Education, Barrow, and Lane)

### 71.

Defendants incorporate their responses to paragraphs 1 through 70 above in response to the allegations of paragraph 71 of Plaintiff's Complaint.

### 72.

Defendants admit that the Board, Barrow and Lane acted under color of law, that the Board is a final policymaker and that Barrow is a final policymaker over certain policies in the School District but deny the remaining allegations of paragraph 72 of Plaintiff's Complaint.

### 73.

Defendants deny the allegations of paragraph 73 of Plaintiff's Complaint.

### 74.

Defendants deny the allegations of paragraph 74 of Plaintiff's Complaint.

### 75.

Defendants deny the allegations of paragraph 75 of Plaintiff's Complaint.

### 76.

Defendants deny the allegations of paragraph 76 of Plaintiff's Complaint.

77.

Defendants deny the allegations of paragraph 77 of Plaintiff's Complaint.

78.

Defendants deny the allegations of paragraph 78 of Plaintiff's Complaint.

**FOURTH CLAIM FOR RELIEF**

Violation of the Right to Equal Protection, Brought Under 42 U.S.C. § 1983
Failure to Train
(Defendants Fayette County Board of Education, Barrow, and Lane)

79.

Defendants incorporates their responses to paragraphs 1 through 78 above in response to the allegations of paragraph 79 of Plaintiff's Complaint.

80.

Defendants admit that the Board, Barrow and Lane acted under color of law, that the Board is a policymaker, that Barrow is a policymaker over certain policies in the School District, that Lane was an administrator, and that the School District had a duty to train its staff and students regarding reporting and addressing sexual harassment but deny the remaining allegations of paragraph 80 of Plaintiff's Complaint.

81.

Defendants deny the allegations of paragraph 81 of Plaintiff's Complaint, including all of its sub-parts.

82.

Defendants deny the first sentence of this paragraph.  Defendants further state that that the Board, Barrow and Lane are aware of the requirements Title IX, the United States Constitution and all applicable laws but deny the remaining allegations of paragraph 82 of Plaintiff's Complaint.

83.

Defendants deny the allegations of paragraph 83 of Plaintiff's Complaint.

84.

Defendants deny the allegations of paragraph 84 of Plaintiff's Complaint.

85.

Defendants deny the allegations of paragraph 85 of Plaintiff's Complaint.

## FIFTH CLAIM FOR RELIEF

Violation of the Right to Equal Protection, Brought Under 42 U.S.C. § 1983
Supervisory Liability
(Defendant Barrow)

86.

Defendants incorporates their responses to paragraphs 1 through 85 above in response to the allegations of paragraph 86 of Plaintiff's Complaint.

87.

Defendants admit that Barrow was an employee of the School District, that he acted under color of law and that he had general supervisory responsibilities over the staff but deny the remaining allegations of paragraph 87 of Plaintiff's Complaint.

88.

Defendants deny the allegations of paragraph 88 of Plaintiff's Complaint.

89.

Defendants deny the allegations of paragraph 89 of Plaintiff's Complaint.

90.

Defendants deny the allegations of paragraph 90 of Plaintiff's Complaint.

91.

Defendants deny the allegations of paragraph 91 of Plaintiff's Complaint.

92.

Defendants deny the allegations of paragraph 92 of Plaintiff's Complaint.

93.

Defendants deny the allegations of paragraph 93 of Plaintiff's Complaint.

94.

Defendants deny the allegations of paragraph 94 of Plaintiff's Complaint.

## SIXTH CLAIM FOR RELIEF

Negligence
(Defendants Principal Lane, Assistant Principals Armour and Johnson)

95.

Defendants incorporates their responses to paragraphs 1 through 94 above in response to the allegations of paragraph 95 of Plaintiff's Complaint.

96.

Defendants admit that the School District and School are *in loco parentis* and that Defendants have a duty to supervise and monitor students while they are at school or school functions and to address sexual harassment, intimidation and sexual assault of students at school or school functions but deny the remaining allegations of paragraph 96 of Plaintiff's Complaint.

97.

Defendants deny the allegations of paragraph 97 of Plaintiff's Complaint.

98.

Defendants deny the allegations of paragraph 98 of Plaintiff's Complaint.

## SEVENTH CLAIM FOR RELIEF

Recklessness/Wantonness
(Defendants Principal Lane, Assistant Principals Armour and Johnson)

99.

Defendants incorporates their responses to paragraphs 1 through 98 above in response to the allegations of paragraph 99 of Plaintiff's Complaint.

100.

Defendants admit that the School District and School are *in loco parentis* and that Defendants have a duty to supervise and monitor students while they are at school or school functions and to address sexual harassment, intimidation and sexual assault of students at school or school functions but deny the remaining allegations of paragraph 100 of Plaintiff's Complaint.

101.

Defendants deny the allegations of paragraph 101 of Plaintiff's Complaint.

102.

Defendants deny the allegations of paragraph 102 of Plaintiff's Complaint.

## EIGHTH CLAIM FOR RELIEF

Negligent/Reckless/Wanton Hiring, Training, Retention and Supervision
(Defendants Superintendent Barrow, Principal Lane, Assistant Principals
Armour and Johnson)

103.

Defendants incorporates their responses to paragraphs 1 through 102 above in response to the allegations of paragraph 103 of Plaintiff's Complaint.

104.

In response to the allegations of paragraph 104 of Plaintiff's Complaint, Defendants state that the School District had a duty to properly hire, train and supervise its teachers, that Barrow and Lane had general responsibilities related to hiring, training and supervising teachers at FCHS and that Armour and Johnson had responsibilities related to supervising teachers at FCHS.  Defendants deny the remaining allegations of paragraph 104 of Plaintiff's Complaint.

105.

Defendants deny the allegations of paragraph 105 of Plaintiff's Complaint.

106.

Defendants deny the allegations of paragraph 106 of Plaintiff's Complaint.

## GENERAL DENIAL

All allegations of Plaintiff's Complaint, which have not been admitted, denied or otherwise responded to above, are hereby denied.

Based on the foregoing, Defendants state that Plaintiff is not entitled to any of the relief prayed for in her Complaint;

WHEREFORE, having fully answered, Defendants pray for judgment in their favor and against Plaintiff, to be discharged without costs and to be awarded such costs, attorney's fees and relief as this Court may deem equitable and proper.

## CERTIFICATION

Pursuant to L.R.7.1(D), counsel hereby certifies that this pleading has been prepared using Times New Roman font 14 point approved by the Court in L.R.5.1(C).

This 25th day of October, 2019.

340 Jesse Jewell Parkway
Suite 750
Gainesville, Georgia 30501
Telephone: (770) 534-7341
Facsimile: (770) 532-0399
Email: hnguyen@hhhlawyers.com
     phartley@hhhlawyers.com
     apaul@hhhlawyers.com

HARBEN, HARTLEY & HAWKINS, LLP

*/s/ Hieu M. Nguyen*
Hieu M. Nguyen
Georgia Bar No. 382526

Phillip L. Hartley
Georgia Bar 33987

Aparesh Paul
Georgia Bar No.: 362648

ATTORNEYS FOR DEFENDANTS
FAYETTE COUNTY SCHOOL
DISTRICT, DR. JOSEPH BARROW, JR.,
DR. CURTIS ARMOUR, JR., AND DR.
BRANDI JOHNSON

AND

**FREEMAN MATHIS & GARY, LLP**

*/s/ Wayne S. Melnick*
Wayne S. Melnick
Georgia Bar No. 501267
wmelnick@fmglaw.com
William H. Buechner, Jr.
Georgia Bar No. 086392
bbuechner@fmglaw.com

100 Galleria Parkway; Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

ATTORNEYS FOR DEFENDANT
DR. DAN LANE

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2019, I electronically filed the *Answer to Complaint and Responsive Pleadings on behalf of Defendants* with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney(s) of record:

Darren W. Penn – darren@pennlawgroup.com
Alexandra "Sachi" Cole – sachi@pennlawgroup.com
Eric J. Artrip – artrip@mastandoartrip.com
Emily Martin – emartin@nwlc.org
Adaku Onyeka-Crawford – aocrawford@nwlc.org
Margaret Hazuka – mhazuka@nwlc.org

29

Neena Chaudhry – nchaudhry@nwlc.org

and by depositing the same in the U.S. Mail with proper postage thereon, addressed to:

Teresa Ryder Mastando
Mastando & Artrip, LLC
301 Washington Street, NW; Suite 302
Huntsville, AL 35801

This 25th day of October, 2019.

340 Jesse Jewell Parkway
Suite 750
Gainesville, Georgia 30501
Telephone: (770) 534-7341
Facsimile: (770) 532-0399
Email: hnguyen@hhhlawyers.com

HARBEN, HARTLEY & HAWKINS, LLP

*/s/ Hieu M. Nguyen*
Hieu M. Nguyen
Georgia Bar No. 382526

ATTORNEY FOR DEFENDANTS
FAYETTE COUNTY SCHOOL
DISTRICT, DR. JOSEPH BARROW, JR.,
DR. CURTIS ARMOUR, JR., AND DR.
BRANDI JOHNSON