# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### NEWNAN DIVISION

| | | |
|---|---|---|
| A.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | |
| | ) | NO.  3:19-CV-00109-TCB |
| FAYETTE COUNTY SCHOOL DISTRICT; | ) | |
| DR. JOSEPH BARROW, JR. in his official | ) | |
| capacity; DR. DAN LANE, DR. CURTIS | ) | |
| ARMOUR, JR. and DR. BRANDI JOHNSON, | ) | |
| in their official and individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' INITIAL DISCLOSURES

Defendants file these Initial Disclosures:

**(1) If the defendants are improperly identified, state defendants' correct identification and state whether defendants will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

**ANSWER:**  These Defendants are properly identified.

**(2) Provide the names of any parties whom defendants contend are necessary parties to this action, but who have not been named by plaintiff. If defendants contend that there is a question of misjoinder of parties, provide the reasons for defendants' contention.**

**<u>ANSWER:</u>**

None known at this time.

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendants in the responsive pleading.**

**<u>ANSWER:</u>**

On August 23, 2017, Plaintiff met another student after school in an alcove at Fayette County High School and performed oral sex.  The other student waited for Plaintiff's arrival in the area, and once she arrived, they were together in the alcove area for approximately one hour.  Although the act itself was hidden from view on surveillance video, cameras did capture Plaintiff and the other student periodically looking to see if anyone was coming down the hall toward the alcove.

At some point the next day, the other student informed Plaintiff that he was not interested in having a relationship, and this turn of events upset Plaintiff. Plaintiff told a teacher that she had an interaction with the student that upset her.

When Plaintiff began talking about unrelated abuse that had occurred at home in the past, the teacher recommended that Plaintiff talk to a counselor at the school. The teacher informed Plaintiff's counselor, who informed administration and arranged for another counselor, who was female, to talk to Plaintiff with him. Although the initial information given to the counselor prior to speaking with Plaintiff indicated that a student "made [Plaintiff] do something she didn't want to do," Plaintiff gave no indication in her later conversations with the counselors that she had acted against her will.  Instead, she admitted to the two counselors that she had performed oral sex on the student at school after telling the other student that she would perform the act if he were serious about dating her.  When her counselor specifically asked if the other student had forced Plaintiff to do something she did not want to do or whether she had done something because she liked him that she normally wouldn't do, Plaintiff responded that she "did it because she liked him."

However, when school administrators later talked with Plaintiff to investigate the incident, which appeared to constitute a code of conduct violation by at least one student, she refused to discuss the incident with them.  Despite Plaintiff's lack of cooperation, and to continue the investigation, the administrators viewed surveillance video of the area.  It showed the two students voluntarily together over the course of an hour, although at times they were hidden from view

3

of the camera in the alcove area where the incident occurred.  Plaintiff appeared

multiple times to check and see if others were coming down the hall who might

discover them.  At the end of their encounter, before the students left the school,

Plaintiff and the other student was sitting next to each other, talking, kissing and

hugging before they left the school.  When an administrator confronted Plaintiff

with what had been seen on the video, she admitted to school administrators that

she had oral sex with the student.

On August 30, 2017, the School District sent a charge letter to Plaintiff's

mother charging Plaintiff with "Sexual Improprieties."  A tribunal hearing was

held where evidence was presented by the School.  Plaintiff was represented by

counsel, who had the opportunity to cross-examine the witnesses.  After

considering all of the evidence presented, the tribunal found Plaintiff guilty and

voted to expel Plaintiff through the end of the 2017-2018 school year, with

permission to enroll in the District's alternative school during the expulsion.

Plaintiff filed an appeal of the tribunal's decision to the Fayette County Board of

Education, which voted to uphold the decision of the tribunal.  Plaintiff then filed

an appeal to the State Board of Education, which also upheld the tribunal's

decision.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

      <u>**ANSWER:**</u>

- Title IX, 20 U.S.C. § 1681;
- <u>Davis v. Monroe County Bd. of Educ.</u>, 526 U.S. 629 (1999);
- <u>Gebser v. Lago Vista Indep. Sch. Dist.</u>, 524 U.S. 274 (1998);
- <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978);
- <u>Wilson v. Layne</u>, 526 U.S. 603 (1999)
- <u>County of Sacramento v. Lewis</u>, 523 U.S. 833 (1998);
- <u>Board of Commissioners v. Brown</u>, 520 U.S. 397 (1997);
- <u>DeShaney v. Winnebago County Dept. of Soc. Servs.</u>, 389 U.S. 189 (1989);
- <u>Neal v. Fulton County Bd. of Ed.</u>, 229 F. 3d 1069 (11th Cir. 2000);
- <u>Wyke v. Polk County School Bd.</u>, 129 F. 3d 560 (11th Cir. 1997);
- <u>Hope v. Pelzer</u>, 536 U.S. 730 (2002);
- <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982);
- Georgia Const. 1983 Art. 1, Sect. 2, Par. 9(e);
- <u>Pelham v. Bd. of Regents of Univ. Sys. of Ga.</u>, 321 Ga. App. 791 (2013);
- <u>Ga. State Bd. of Pardons and Paroles v. Finch</u>, 269 Ga. App. 791 (2004);
- <u>Dep't of Human Res. v. Coley</u>, 247 Ga. App. 392 (2000);

- <u>Wellborn v. DeKalb County Sch. Dist.</u>, 227 Ga. App. 377 (1997);

- <u>Gilbert v. Richardson</u>, 264 Ga. 744 (1994);

- <u>Coffee Cnty. Sch. Dist. v. Snipes</u>, 216 Ga. App. 293 (1995);

- <u>Perkins v. Morgan Cnty. Sch. Dist.</u>, 222 Ga. App. 831 (1996);

- <u>Woodward v. Laurens County</u>, 265 Ga. 404 (1995);

- <u>Davis v. Dublin City Bd. of Educ.</u>, 219 Ga. App 121, 123 (1995);

- <u>Anderson v. Cobb</u>, 258 Ga. App. 159 (2002);

- <u>Crisp Cnty. Sch. Sys. v. Brown</u>, 226 Ga. App. 800 (1997);

- <u>Murphy v. Bajjani</u>, 282 Ga. 197 (2007);

- <u>Lincoln County v. Edmond</u>, 231 Ga. App. 871 (1998);

- <u>Teston v. Collins</u>, 217 Ga. App. 829 (1995);

- <u>Reece v. Turner</u>, 284 Ga. App. 282, 285 (2007);

- <u>Harper v. Patterson</u>, 270 Ga. App. 437 (2004);

- <u>Adams v. Hazelwood</u>, 271 Ga. 414, 415 (1999);

- <u>Chisolm v. Tippens</u>, 289 Ga. App. 757 (2008)

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

**ANSWER:** See "Attachment A."

**(6) Provide the name of any person who may be used at trial to present**

evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**ANSWER:**  At this time, Defendants have not identified any expert witnesses who may be used at trial to present evidence but reserve the right to supplement this disclosure should any expert witnesses be identified prior to the time of trial.

**(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

**ANSWER:**  See "Attachment C."

**(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based,**

including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**ANSWER:**  This disclosure is not applicable to Defendants.

**(9) If defendants contend that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendants in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

**ANSWER:**  None known at this time.

**(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

**ANSWER:**  The applicable insurance agreement will be provided under separate cover to Plaintiff's counsel.

## CERTIFICATION

Pursuant to L.R.7.1(D), counsel hereby certifies that this pleading has been

prepared using Times New Roman font 14 point approved by the Court in

L.R.5.1(C).

This 25th day of November, 2019.

HARBEN, HARTLEY & HAWKINS, LLP

*/s/ Hieu M. Nguyen*
Hieu M. Nguyen
Georgia Bar No. 382526
Aparesh Paul
Georgia Bar No. 362648
Phillip L. Hartley
Georgia Bar No. 333987

ATTORNEYS FOR ALL DEFENDANTS

And

*/s/ Wayne S. Melnick*
Wayne S. Melnick
Georgia Bar No. 501267
William H. Buechner, Jr.
Georgia Bar No. 086392
Freeman Mathis & Gary, LLP
100 Galleria Parkway; Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
Email: wmelnick@fmglaw.com
bbuechner@fmglaw.com

ATTORNEYS FOR DEFENDANT DR.
DAN LANE

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2019, I electronically filed the

*Defendants' Initial Disclosures* with the Clerk of the Court using the CM/ECF

system, which will automatically send e-mail notification of such filing to the

following attorneys of record:

      Darren W. Penn – darren@pennlawgroup.com
      Alexandra "Sachi" Cole – sachi@pennlawgroup.com
      Eric J. Artrip – artrip@mastandoartrip.com
      Emily Martin – emartin@nwlc.org
      Adaku Onyeka-Crawford – aocrawford@nwlc.org
      Margaret Hazuka – mhazuka@nwlc.org
      Neena Chaudhry – nchaudhry@nwlc.org
      Teresa Ryder Mastando – teri@mastandoartrip.com
      Wayne S. Melnick – wmelnick@fmglaw.com
      William H. Buechner, Jr. – bbuechner@fmglaw.com

HARBEN, HARTLEY & HAWKINS, LLP

*/s/Hieu M. Nguyen*
Hieu M. Nguyen
Georgia Bar No. 382526

ATTORNEY FOR DEFENDANTS

340 Jesse Jewell Parkway, Suite 750
Gainesville, Georgia 30501
Telephone: (770) 534-7341
Facsimile: (770) 532-0399
Email: hnguyen@hhhlawyers.com

## "ATTACHMENT A"

### Defendants' Witness List

- Joseph Barrow, Superintendent, Fayette County School District: knowledge and information about the procedures and policies of the School District, and some of the allegations in the Complaint;

- Mike Sanders, Assistant Superintendent of Operations, Fayette County School District: knowledge and information about procedures of the School District relevant to this litigation and some of the allegations in the Complaint;

- Ted Lombard, Coordinator for Safety and Discipline, Fayette County School District: knowledge and information about procedures of the School District relevant to this litigation and some of the allegations in the Complaint;

- Dan Lane, Principal, Fayette County School District: knowledge and information about some of the allegations in the Complaint;

- Curtis Armour, Former Assistant Principal, Fayette County School District: knowledge and information about some of the allegations in the Complaint;

- Brandi Johnson, Former Assistant Principal, Fayette County School District: knowledge and information about some of the allegations in the Complaint;

- Jassmon Parham, Counselor, Fayette County School District: knowledge and information about some of the allegations in the Complaint;

- Jen Travis, Counselor, Fayette County School District: knowledge and information about some of the allegations in the Complaint;

- Aminah Mitchell, Teacher, Fayette County School District: knowledge and information about some of the allegations in the Complaint;

All individuals above may be contacted through Harben, Hartley & Hawkins, LLP, 340 Jesse Jewell Parkway, Suite 750, Gainesville, Georgia 30501, (770) 534-7341.  Defendants reserve the right to supplement "Attachment A" to these Disclosures and/or add additional witnesses to the list as the case progresses.

**"ATTACHMENT C"**

**Defendant's Document List**

- Policies and procedures of the Fayette County School District;

- Investigative and tribunal records, including videos, regarding the incident alleged in the Complaint;

- Plaintiff's student records and those of the other student involved in the incident;

- Other documents that may be discovered during the course of discovery, which would be identified as they are discovered;

- Documents identified in Plaintiff's Initial Disclosures; and

- All pleadings filed or to be filed with the U.S. District Court.

Defendants reserve the right to amend and/or supplement this document list identified as "Attachment C" as the case progresses.